(C.D. 3703)

BRECHNER BROS. IMPORT CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 12, 1969)

*Siegel, Mandell & Davidson* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JOB (Import Spec's Initials) by Import Specialist J. O'Brien (Import Spec's Name) on the invoices covered by the protest enumerated above, and assessed with duty at 15 per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by T.D. 51802, consist of earphones, which, in fact, are not suitable for controlling, distributing, modifying, producing or rectifying electrical energy.

That said merchandise, in fact, consists of articles having as an essential feature an electrical element or device and are wholly or in chief value of metal.

That said earphones are not dedicated to use with radios.

It is claimed that said merchandise is dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353 of said Act, as articles having as an essential feature an electrical element or device and not specially provided for.

That the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid.

Accepting the foregoing stipulation of fact, we find and hold that the items of merchandise marked "A" and initialed on the invoices by the designated import specialist are properly dutiable as articles in chief value of metal, having as an essential feature an electrical element or device, not specially provided for, at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by T.D. 52739.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be entered accordingly.